**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EMMANUEL UZODINMA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-5010-L** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss Plaintiff's

First Amended Complaint (Doc. 14), filed February 20, 2014. After careful consideration of the

motion, pleadings, record, and applicable law, the court **grants in part** and **denies in part**

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

**I.       Procedural and Factual Background**

Plaintiff Emmanuel Uzodinma ("Plaintiff" or "Uzodinma") originally filed this action on

December 2, 2013, in County Court of Law No. 5, Dallas County, Texas, asserting claims against

Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"). Defendant removed this action

to federal court on December 27, 2013, on the basis of complete diversity of citizenship and the

amount in controversy exceeding $75,000, exclusive of interest and costs. On January 2, 2014,

Defendant filed its Motion to Dismiss for Failure to State a Claim. On February 6, 2014, Plaintiff

filed his First Amended Complaint ("Amended Complaint"), asserting claims for (1) breach of

contract and anticipatory breach of contract;[1] (2) Texas Debt Collection Act ("TDCA") violations;[2] (3) negligent misrepresentation; and (4) unjust enrichment.   Plaintiff seeks (1) a declaratory judgment; (2) accounting; (3) damages; and (4) attorney's fees.   The filing of the Amended Complaint made Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 5) moot.   On February 20, 2014, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14).

Plaintiff argues that he owns the property located at 2748 Windswept Lane, Mesquite, Texas ("Property").   Plaintiff bought the Property on August 12, 2002, and financed through Washington Mutual Bank, N.A.   On September 30, 2004, Plaintiff executed a Note payable to Express Mortgage and Investment Co. ("Express Mortgage").   Plaintiff contends that the Note was for the amount of $120,800 and had a fixed rate of 5.5% for 180 months with a monthly payment of $987.04.   Plaintiff also executed a Deed of Trust.   Express Mortgage assigned the Note to Defendant.   Plaintiff contends that he made his monthly payment of $987.04 every month until April 2008.   Plaintiff contends that his monthly mortgage payment increased.   Plaintiff contacted Chase and was told that management decided he would pay a higher payment.   Plaintiff states that he waited months to hear from a supervisor but never received a call.   Plaintiff then received a letter from Chase stating that an escrow account was added to his loan.   His payment then increased from $987.04 to approximately $1,700 per month.

---

[1] Defendant contends that Plaintiff also alleges claims for breach of unilateral contract and waiver of the right to accelerate and foreclose.   The court will consider these claims in its analysis of Plaintiff's breach of contract and anticipatory breach of contract claims.

[2] In his First Amended Complaint, Plaintiff identifies the statute as the "Texas Debt Collection Practices Act."   The correct title is "Texas Debt Collection Act."

**Memorandum Opinion and Order - Page 2**

Plaintiff contends that in May 2010, his payments were placed into an unapplied account and he was charged late fees. Plaintiff contends that his payments were made on time. Plaintiff states that he constantly called Defendant to discuss the financial difficulties that these increases were causing. In November 2010, Plaintiff contacted Chase to tell it that he lost his job and that his mother passed away, and Chase stated that there was nothing that it could do. Plaintiff contends that he made his normal mortgage payment on November 15, 2010. When he returned from a trip overseas in December 2010, Plaintiff contends that Defendant was threatening to foreclose on the Property. Plaintiff contends that he contacted Chase again in July 2010 to apply for a loan modification. Plaintiff contends that Chase dismissed his request but said that he could contact it in three months when he would then be qualified for the loan modification. Plaintiff called Chase in October 2011 and March 2012 to request the loan modification and was again told that he did not qualify. Finally, Plaintiff contends that on November 12, 2013, he received a letter from Defendant stating that it was accelerating his mortgage.

## II.      Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.          .

## III.  Analysis

### A.        Breach of Contract and Anticipatory Breach of Contract

Plaintiff asserts several theories for its breach of contract and anticipatory breach of contract claims. First, Plaintiff contends that since paragraphs "I" and 16 of the Deed of Trust state that the instrument must comply with federal and state law, any violation of state law is a breach of the Deed of Trust contract. Plaintiff contends that Defendant violated the Texas Debt Collection Act and it

also breached the Deed of Trust.  Second, Plaintiff contends that Defendant waived the right to accelerate and foreclose and therefore breached the Deed of Trust when it tried to foreclose on Plaintiff's Property.  Third, Plaintiff contends that Defendant intentionally prevented him from performing the contract by "putting off" Plaintiff when he requested a loan modification and assuring him that he would qualify.  Fourth, Plaintiff contends that Defendant promised him that it would modify his loan and that he relied on Defendant's promise, which resulted in a unilateral contract. Plaintiff contends that the unilateral contract was breached when Defendant posted Plaintiff's Property for foreclosure sale.

Defendant contends that Plaintiff failed to identify any specific conduct that violated the Note or Deed of Trust.  Defendant also argues that since Plaintiff is a party to the contract and is himself in default, he cannot maintain a suit for that contract's breach.  Defendant also contends that Plaintiff's allegations are not sufficient to raise a claim for breach of an alleged oral promise to modify the loan or to forego foreclosure.  Defendant argues that any oral promise made was not supported by consideration and was also unenforceable under the statute of frauds.  Defendant contends that Plaintiff alleged no facts to demonstrate how a unilateral contract was formed and fails to set forth the promise that serves as the basis for the unilateral contract.  Additionally, Defendant argues that Plaintiff offered no factual allegations to explain how Defendant waived its rights to accelerate or foreclose.  Finally, Defendant argues that there are no factual allegations to support the allegation that it intentionally prevented Plaintiff from performing the contract.

### 1.    *Pages 2 and 10 of the Deed of Trust*

Paragraph I on page 2 of the Deed of Trust states: "'Applicable Law' means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and

orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."

Pl.'s Ex. B at 2.  Additionally, paragraph 16 on page 10 of the Deed of Trust states, in part:

> Governing Law; Severability; Rules of Construction.  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.  Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

*Id*. ¶ 16.  These paragraphs outline the governing law of the Deed of Trust.  This language does not imply that if a party to the contract violates a state or federal law, it also breaches the contract. Plaintiff contends that since Defendant allegedly violated the Texas Debt Collection Act, it also violated the Deed of Trust, as the Deed of Trust is subject to all requirements and limitations of "Applicable Law."  This argument yields an absurd result, as any violation of any state or federal law would automatically be a breach of contract, and is not reflected in the language of the Deed of Trust. Accordingly, since these are the only two provisions Plaintiff cites in his allegations that Defendant breached the Deed of Trust, Plaintiff's breach of contract claim as it relates to these two pages of the Deed of Trust will be dismissed with prejudice.

## 2.    *Oral Promise / Unilateral Contract*

The promise at issue arises from the statement made by Defendant that when Plaintiff called back in a month, he would qualify for a loan modification.  Defendant asserts that the promise must be supported by consideration if it is to be considered a valid contract.  The court determines that Plaintiff effectively asserts that the alleged oral promise was supported by consideration.  Defendant would provide Plaintiff a loan modification *if* he called back in a month when he was then qualified.

Therefore, the promise is supported by consideration.  The next step is determining whether the oral promise is barred by the statute of frauds.  Plaintiff's theory is consistent with the doctrine of promissory estoppel, in which a person may be bound by a promise that he reasonably believed would induce action or inaction and that did induce the action or forbearance.  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972)).  Even if a promise was made, a loan agreement for more than $50,000 is not enforceable unless it is in writing.  *Id.* (citing Tex. Bus. & Com. Code § 26.02(b)).  Additionally, a promise relating to the sale of real estate must be in writing.  *Id.* (citing Tex. Bus. & Com. Code § 26.01(b)(4)).  Therefore, an agreement regarding the transfer of the property or modification of a loan must be in writing to be valid.  *Id.*  Promissory estoppel can overcome the statute-of-frauds requirement in Texas; however, there must be a promise to sign a written contract that had been prepared and would satisfy the requirements of the statute of frauds.  *Id.* at 256-57.  There was no such prepared written contract in this case.

The alleged promise in this case involves a modification to the loan agreement.  Even if the promise did not involve the actual modification to a specific term of the loan agreement, and instead involved the promise *to ultimately* modify the loan agreement, the promise still relates to the sale of real estate and relates to the modification of a loan.  The breach of oral contract claim is therefore barred by the statute of frauds, and this claim will be dismissed with prejudice.  Additionally, since the breach of unilateral contract claim also depends on the oral promise, it is also barred by the statute of frauds and will be dismissed with prejudice.

3.      *Waiver of the Right to Accelerate or Foreclose*

Paragraphs 21 through 24 of the Amended Complaint address Plaintiff's waiver argument; however, Plaintiff states that Defendant's "conduct constitutes a waiver of the right to accelerate and foreclose."   Plaintiff additionally contends that "[b]y continually putting off Plaintiff when he repeatedly requested a loan modification while assuring him that he would qualify, Defendant prevented Plaintiff from performing.  Such conduct constitutes a waiver of the right to accelerate and foreclose."   There is no other statement explaining how Defendant specifically waived its right to accelerate or foreclose.  Under Texas law, waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right."  *Sun Exploration and Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987).  The court determines that telling a borrower that he will qualify for a loan modification in no way represents intentional conduct that is inconsistent with ultimately accelerating or foreclosing.  Even if Plaintiff would have ultimately qualified for the loan modification, that Defendant told him he would qualify does not demonstrate an intent to waive all possibilities of acceleration or foreclosure.  Plaintiff could easily become disqualified for the loan modification at any time.   Additionally, the Deed of Trust contains a nonwaiver provision: "Extension of time for payment or modification of amortization of the sums secured by this Security Interest granted Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower."  Pl.'s Ex. B at 9. Plaintiff contends that a nonwaiver provision is not dispositive on the issue of waiver as a nonwaiver provision may be waived.  While it is true that a nonwaiver provision can be waived, *see Enserch Corp. v. Rebich*, 925 S.W.2d 75, 82 (Tex. App.   Tyler 1996, writ dism'd), based on Plaintiff's pleadings, Defendant's conduct does not reach that level of intent, as telling a borrower that he will

qualify for a loan modification in no way implies an intent to no longer pursue acceleration or foreclosure if the need arises.  Finally, and most importantly, the court previously established that any change to the loan modification made by an oral statement is barred by the statute of frauds.  *See also Johnson v. Wells Fargo Bank, NA*, No. 3:13-cv-1793-M, 2014 WL 717191 (N.D. Tex. Feb. 24, 2014) (holding that the plaintiff's breach of oral contract and waiver argument were barred by the statute of frauds).  Therefore, Defendant could not modify or waive a right related to the loan agreement without complying with the statute of frauds.  Accordingly, the court determines that Plaintiff's claim as to waiver will be dismissed with prejudice.

### 4.    *Anticipatory Breach of Contract*

In Texas, to prevail on a claim for anticipatory breach, Plaintiff must establish each of the following elements: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party."  *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citations omitted).  Uzodinma contends that "[b]y continually putting off Plaintiff when he repeatedly requested a loan modification while assuring him that he would qualify, Defendant prevented Plaintiff from performing.  Such conduct constitutes a waiver of the right to accelerate and foreclose."  Pl.'s First Am. Complaint ¶ 24.  Given that the court has found that no breach of contract occurred and no waiver occurred, Plaintiff cannot meet the first element of "absolute repudiation of the obligation."  Accordingly, no anticipatory breach of contract occurred, and this claim will be dismissed with prejudice.

### B.    **Texas Debt Collection Act**

Plaintiff contends that Defendant violated the Texas Debt Collection Act ("TDCA") by using a deceptive means to collect a debt, attempting to collect charges incidental to the obligation, and

foreclosing when the law prohibits it.  Plaintiff contends that Defendant imposed unauthorized charges and that Defendant unilaterally and without explanation increased Plaintiff's payments from $987.04 to approximately $1,700 per month.  Plaintiff alleges that Chase forced him to incur additional penalties as he waited to hear from Chase about a solution to his financial hardship.  Plaintiff also argues that Defendant repeatedly promised a loan modification and induced Plaintiff to accrue late fees and penalties.

Accepting all well-pleaded facts in the Amended Complaint as true and viewing them in the light most favorable to Plaintiff, the court determines that Plaintiff has pleaded a legally cognizable TDCA claim.  Plaintiff contends that Defendant told him he would be qualified for a loan modification when he called back the next month.  Plaintiff then contends that when he called back, he was told that he did not qualify.  He explains that because of this, he became increasingly behind in late fees and penalties.  Taking Plaintiff's allegations as true, it is plausible that Defendant deceptively misled Plaintiff to collect a debt.  Additionally, Plaintiff contends that his payments increased from $987.04 to $1,700.  Taking Plaintiff's allegations as true, it is plausible that Defendant attempted to collect charges incidental to the obligation.  Finally, Plaintiff contends that Defendant foreclosed on his Property when the law prohibited it.  Taking Plaintiff's allegations as true, it is plausible that Defendant threatened to foreclose at a time when foreclosure was not proper.  Accordingly, the court will deny Defendant's Motion to Dismiss with respect to this claim.

### C.    Negligent Misrepresentation

Plaintiff contends that Defendant repeatedly represented an inaccurate assessment of Plaintiff's account.  Plaintiff contends that Defendant increased his payment from $987.04 to approximately $1,700, despite the fixed rate of 5.5%.  Additionally, Plaintiff argues that Defendant

repeatedly misrepresented that he would obtain a loan modification the next time he contacted it. Defendant contends that a claim for negligent misrepresentation is barred by the economic loss doctrine when the only injury is one for economic damages recoverable under a breach of contract claim.

The elements of a claim for negligent misrepresentation are: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation." *Hernandez v. U.S. Bank, N.A.*, 2013 WL 6840022, at *8 (N.D. Tex. Dec. 27, 2013) (citation omitted). The misrepresentation "must be one of existing fact, not a promise of future conduct." *Id*. (citations omitted). "A promise to do or refrain from doing an act in the future is not actionable because it does not contain an existing fact." *Id*. (citation omitted). One of the misrepresentations alleged by Plaintiff is Chase's promise that Plaintiff would be qualified for a loan when he called back the following month. Since this is a promise to perform a future act, it is not actionable, as it does not contain an existing fact.

The court now moves to the second misrepresentation alleged by Plaintiff: that Defendant claimed Plaintiff owed $1,700 instead of $987.04. "The economic loss rule 'generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Id*. (citing *Lamar Homes, Inc. v. Mid Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). "Tort damages are generally not recoverable if the defendant's conduct 'would give rise to liability only because it breaches the parties' agreement.'" *Id*. (citing *Southwestern Bell Tel. Co. v. DeLanney*, 809

S.W.2d 493, 494 (Tex. 1991)).  "Tort damages are recoverable, however, if the defendant's conduct 'would give rise to liability independent of the fact that a contract exists between the parties.'"  *Id.* (citation omitted).  If Defendant wrongfully increased Plaintiff's monthly payment from $987.04 to $1,700, that act would give rise to liability based on the contract (the Deed of Trust) between Plaintiff and Defendant.  The increase in payment would give rise to liability because it breaches the parties' agreement and would not give rise to liability independent of the fact that a contract exists between Plaintiff and Defendant.  Accordingly, Plaintiff's negligent misrepresentation claim will be dismissed with prejudice.

### D.   Unjust Enrichment

Plaintiff asserts an unjust enrichment claim as an alternative to his breach of contract claim. Plaintiff emphasizes that Defendant has engaged in unlawful collection activities, misrepresented the amounts he owes on his mortgage loan, and imposed wrongful charges.  Plaintiff alleges that Defendant has obtained a benefit from him by fraud, duress, or taking undue advantage of him. Uzodinma contends that Chase has wrongfully secured or passively received a benefit from him in the form of improper payments, fees, and charges.

"Texas courts of appeals have consistently held that unjust enrichment is not an independent cause of action, but instead a theory upon which an action for restitution may rest."  *Hancock v. Chicago Title Ins.* Co., 635 F. Supp. 2d 539, 560 (N.D. Tex. July 9, 2009) (citations omitted). "There can be no recovery based on [unjust enrichment] when the same subject matter is covered by an express contract."  *Baxter v. PNC Bank Nat. Ass'n*, 541 F. App'x 395, 397 (5th Cir. 2013) (citing *Fortune Prod. Co. v. Conoco Inc.*, 52 S.W.3d 671, 684 (Tex. 2000)).  Plaintiff's claim for unjust enrichment seeks restitution of the increased monthly payment.  The alleged increase in

monthly payment is the same subject matter covered by an express contract, the Deed of Trust.  This unjust enrichment claim arises out of the equitable principle of preventing unjust enrichment.  Accordingly, this claim will be dismissed with prejudice.

### E.       Remedies

Plaintiff asks the court to find that he has not materially breached the Deed of Trust;[3] that Defendant waived its right to foreclose and wrongfully foreclosed[4] on the Property; and that the Defendant breached the Deed of Trust.  Given the court's ruling herein, Plaintiff is not entitled to a declaratory judgment on any claim that the court has dismissed.  Further, Plaintiff's only remaining claim under the TDCA has not been resolved; therefore, a declaratory judgment is premature at this time.  Further, pursuant to Texas Finance Code § 392.403, under the TDCA, a person may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter.  The court will not determine whether Plaintiff is entitled to any available remedies at this stage of the litigation.

## IV.    Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss with respect to Plaintiffs' claims of (1) breach of contract (including breach of anticipatory contract, breach of unilateral contract, and waiver of acceleration and foreclosure); (2) negligent misrepresentation; and (3) unjust enrichment.  Accordingly, Plaintiff's claims of breach of contract (including breach of anticipatory contract, breach of unilateral contract, and waiver of acceleration and foreclosure),

---

[3] Plaintiff made this argument in reply to Defendant's response to his breach of contract claim.

[4] The court notes that while Plaintiff contends that Defendant "wrongfully foreclosed" on his Property, he does not set forth any of the required elements for a wrongful foreclosure claim.

negligent misrepresentation, and unjust enrichment are **dismissed with prejudice**.  Further, the court

**denies** Defendant's Motion to Dismiss as to Plaintiff's Texas Debt Collection Act claim.

　　　　**It is so ordered** this 14th day of August, 2014.


                                             Sam A. Lindsay
                                             United States District Judge